IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN BAER,
    Plaintiff,

vs.                                              Case No. 5:09cv222/SPM/EMT

WALTER McNEIL,
Secretary, Florida Department of Corrections,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 7). Now before the court is Plaintiff's "Amended Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 34).

        In his amended complaint (Doc. 23),[1] Plaintiff challenges the constitutionality of Rule 33-108.101, Fla. Admin. Code, which governs inmate substance abuse testing, and he complains of receiving a retaliatory and false disciplinary report for allegedly failing to comply with the Rule and for complaining about overcrowding. In his instant motion, Plaintiff seeks injunctive relief which includes "finding Rule 33-108.101 (Inmate Substance Abuse Testing) unconstitutional as written

---

[1] This court previously directed Plaintiff to file a second amended complaint (Doc. 29); it also entered a report and recommendation to the district court on Plaintiff's requests for preliminary injunctive relief (Doc. 30). The report and recommendation was vacated when Plaintiff filed a motion indicating that he wished to replace his prior motions for relief with the instant motion (*see* Doc. 37). Plaintiff failed to file an amended complaint as directed, resulting in the issuance of an order to show cause why this action should not be dismissed for the failure to comply with a court order. In his response to the order to show cause (Doc. 38), Plaintiff indicates that he wishes to stand on his first amended complaint. By separate order issued this date the court has reiterated that the allegations contained in the first amended complaint do not state a viable claim for relief and has given Plaintiff one final opportunity to file a second amended complaint.

and implemented" and requiring the Defendant to "transfer Plaintiff to another prison which is outside Region 1" (Doc. 34 at 13).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). Here, Plaintiff's request for transfer does not implicate preserving the status quo but rather seeks to alter it. Also, such a request would involve the court's interference in the daily operations of the prison system. Correctional officials are accorded wide latitude by the courts in the administration of their facilities, and federal courts are admonished to defer to the judgment of such officials with respect to administrative decisions. Cruz v. Beto, 405

U.S. 319, 321, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972); Pell v. Procunier, 417 U.S. 817, 822 (1974).  Moreover, an inmate has no constitutional right to incarceration in a correctional facility of his choice.  Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).

In any event, turning to the prerequisites for issuance of preliminary injunctive relief, the court concludes that, for the reasons stated in its order(s) directing amendment, Plaintiff has failed to demonstrate the first factor, which requires showing a substantial likelihood of success on the merits of his claim.  Plaintiff also has not shown that a substantial threat exists that he will suffer irreparable injury if the requested injunction is not granted.  Furthermore, the third factor—balancing potential harm to the parties—weighs more heavily in favor of the Defendant because issuance of the requested injunction could have an unduly adverse effect, particularly with respect to security and safety, on the state prison system's ability to test inmates for substance abuse.  Nor has Plaintiff shown that granting the preliminary injunction will not disturb the public interest.  Because Plaintiff has failed to meet his burden of persuasion as to each of the requisites needed to obtain an injunction, the court should not grant his request for extraordinary relief.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 34) be **DENIED**.

At Pensacola, Florida, this 6th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**